## AMERICAN ORE MACHINERY CO. v. ATLAS CEMENT CO.

### (Circuit Court, D. New Jersey. March 7, 1901.)

DISCOVERY—GROUNDS—SUFFICIENCY OF PLEADING.

A complainant is not entitled to a discovery on a bill setting out a contract, and alleging an indebtedness from defendant thereunder, where the contract is on its face unilateral, and no facts are alleged to show any consideration for such indebtedness.

In Equity. On demurrer to bill.

Frederick A. Duncan, for the motion.
Timothy D. Merwin, opposed.

KIRKPATRICK, District Judge. The complainant's bill of complaint in this cause sets forth that a contract was entered into between the complainant and the defendant, "for a good and valuable consideration," in and by which the defendant agreed to build one Nerod mill, and place it in its Atlas Cement Works, at Copley, Pa., and "after satisfactory test has been made, and we find that it will grind Portland cement satisfactorily to that extent as to warrant us to adopt it for our own use, we will pay you [the complainant] one thousand dollars. We will then go on and build five more mills. We will also incorporate same mills in our plans of the Standard Portland Cement Company's works. For each of said mills so built for our use we will pay you one thousand dollars royalty." The bill then alleges that the defendant built the Nerod mill for its own use at Copley, Pa., and that it afterwards built for its own use and the use of the Standard Portland Cement Company a number of said mills, whereby it became liable to pay the complainant a large sum of money. The bill prays an accounting by

defendant to show how many mills of the character described it had so built and used, and a decree requiring the defendant to pay the amount found to be due. To this bill the defendant demurs, alleging that it is defective, in that it fails to set out any consideration for the contract, and that, inasmuch as the contract shows a condition precedent, the complainant must allege the performance of such condition. While, as has been suggested by the defendant, this is not an action at law for damages for the breach of contract, nor yet a bill in equity for its specific performance, yet the complainant will not be entitled to the discovery sought, except in aid of the enforcement of the contract, nor to a decree for the payment of the money he claims, unless the contract be a valid one. It may be true, as alleged in the bill, that the defendant has built and used Nerod mills, but no obligation rests on it to pay therefor unless it be shown that, for a valuable consideration, it has agreed so to do. The agreement set out at length in the bill upon its face is unilateral and lacks mutuality. Defendant was at its own expense to build mills in which complainant was not shown to have had any interest, and to pay complainant for so doing. Apparently the complainant gave nothing in return. In order to establish the right of the complainant to recover, it is essential that consideration be shown, and, as the facts are within the knowledge of complainant, they ought to be alleged in the bill particularly and with precision. It is not sufficient to say that the contract was entered into for a "good and valuable consideration." It is urged that the bill is merely for a discovery of the number of mills built and used by the defendant. Equity will only grant an order for discovery in aid of the enforcement of a contract, and before such order can be made it must be shown that the complainant has contractual rights which can or ought to be enforced. The bill is defective in that it fails to state any consideration for the contract, and judgment on the demurrer must be for the defendant.